# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**SANKALP GILDA,**

                                                                     **Case Number: 1:21-cv-144**

    **Plaintiff,**

**v.**

**UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,**

    **Defendant.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and Section 448.08, Florida Statutes. In support of his complaint, Plaintiff states as follows:

Parties

2. Plaintiff, Sankalp Gilda, is a resident of Alachua County, Florida.

3. Defendant, University of Florida, is an educational facility located in Alachua County, Florida.

4. Plaintiff was employed by Defendant as graduate research assistant from approximately August 2019 until approximately June 2021.

## Jurisdiction

5. Plaintiff resides in Alachua County, Florida.

6. Defendant conducts business in Alachua County, Florida.

7. Defendant employed Plaintiff in Alachua County, Florida.

8. All events giving rise to this action occurred in Alachua County, Florida.

## Facts

9. Defendant employed Plaintiff as a graduate research assistant.

10. Plaintiff was a non-exempt employee paid on an hourly basis.

11. Plaintiff and Defendant entered into a collective bargaining agreement governing the terms and conditions of Plaintiff's employment with Defendant.

12. Pursuant to the collective bargaining agreement, Defendant was to suffer or permit Plaintiff to work no more than 13.33 hours per week.

13. During Plaintiff's employment with Defendant, Defendant regularly suffered and permitted Plaintiff to work 50 or more hours per week.

14. However, because the collective bargaining agreement only contemplated 13.33 hours per week, Plaintiff was not paid for any of the hours worked beyond 13.33 per week. Those hours include both regular hours and premium overtime hours.

15. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

16. Defendant is an educational facility and provides related educational services in Alachua County, Florida.

17. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

18. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

19. Defendant owns and operates an educational facility in Alachua County, Florida.

20. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Alachua County, Florida.

21. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

22. During the entirety of his employment, Plaintiff worked at least 50 hours per week.

23. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

24. Plaintiff was not subject to any overtime exemptions.

25. Defendant engaged in an illegal policy of requiring Plaintiff to work 50 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

26. Defendant did not record all of the time worked by Plaintiff during his employment, which is a direct violation of 29 C.F.R. § 516.

27. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

28. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

29. Specifically, Defendant suffered and permitted Plaintiff to work for at least one hour or more before and after his shift, each day, without pay in order to comply with Defendant's demands.

30. It was necessary and required for Plaintiff to perform work and services for Defendant before and after his scheduled shift and Plaintiff was not paid for all of the hours worked.

31. The off the clock work performed by Defendant were worked in Defendant's facility in full view of Defendant's employees and managers.

32. Plaintiff regularly and habitually worked between hours of five and ten unpaid overtime per week during the entirety of his employment.

33. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

34. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

35. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

36. Defendant is a public university that operates and conducts business in, among others, Alachua County Florida, and is therefore, within the jurisdiction of the Court.

37. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities for Defendant and at Defendant's behest, including high level research.

38. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

39. The Court has jurisdiction over Plaintiff's claims as material events transpired in Alachua County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

40. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), as Defendant is an institution of higher education.

41. At all material times relevant to this action, Plaintiff in his capacity as a graduate research assistant, and was individually covered by the FLSA. As a graduate research assistant within Defendant's Department of Astronomy, Plaintiff regularly performed extensively researched, reviewed, and revised articles and other papers in the normal course and scope of his employment.

42. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

43. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

44. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

45. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

46. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

47. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES**

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47, above.

49. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

50. Plaintiff was an hourly, non-exempt employee.

51. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

52. Plaintiff regularly worked beyond 40 hours in a single workweek.

53. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

54. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

56. Plaintiff demands a trial by jury.

## **COUNT II – RECOVERY OF UNPAID WAGES**
## **PURSUANT TO SECTION 448.08, FLORIDA STATUTES**

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47, above.

58. Plaintiff was employed by Defendant as an hourly employee.

59. Plaintiff was an hourly, non-exempt employee.

60. Plaintiff and Defendant entered into a collective bargaining agreement wherein Plaintiff was to work no more than 13.33 hours per week.

61. Plaintiff's pay was only compensation for 13.33 hours per week, despite the actual number of hours worked per week.

62. Plaintiff was entitled to be paid his hourly rate for all regular hours worked during a single week.

63. Defendant only paid Plaintiff for 13.33 hours per week.

64. Plaintiff regularly worked beyond 13.33 hours in a single workweek.

65. Defendant engaged in an illegal policy of not paying Plaintiff wages for all hours worked beyond 13.33 hours in a single work week.

66. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff wages for all hours worked beyond 13.33 in a single workweek.

67. As a result of Defendant's willful violation of Section 448.08, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

9

68. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, Section 448.08, and such other further relief as this Court deems just and proper.

DATED this 6th day of September, 2021.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com